## O. B. WHEELER v. STATE.

No. A-6139. Opinion Filed May 12, 1928.
(267 Pac. 282.)

L. F. Robertson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.  The plaintiff in error, hereinafter referred to as the defendant, was convicted of selling intoxicating liquor to B. E.. Slagle, and sentenced to serve a term of 60 days in the county jail and pay a fine of $200 and cost.  Motion for a new trial was filed and overruled, and defendant has appealed to this court.

B. E. Slagle, a witness for the state, testified that on the 21st day of October, 1925, he bought a pint of whisky from the defendant.  He also testified that he was an undercover for certain citizens, whose names the court did not permit him to give in evidence, who were trying to catch parties charged with the offense of selling intoxicating liquor.  Slagle testified that he bought the pint of whisky on the 21st day of October, but did not turn it in to the sheriff until the 7th of October.  The record discloses that Slagle was what might be termed a professional witness; that is, he had been the prosecuting witness in many cases.

The defendant entered his plea of not guilty to the charge of selling whisky to Slagle on the 21st of October, 1925, and showed conclusively by reputable witnesses, who were uncontradicted, that he was not in Moreland on October 21, 1925, but was in Waynoka, a distance of about 30 miles away from Moreland.  Several witnesses testified to having seen the defendant in Waynoka on October 21, 1925, the day witness Slagle testified he

bought the whisky in Moreland from the defendant. It was further shown that the reputation of the witness Slagle in the community in which he had formerly lived was bad for truth and veracity.

Several errors are alleged to have been committed in the trial of the case, but the only one we deem necessary to consider is the one urged by the defendant, that the verdict is not sustained by sufficient evidence. In this we fully agree. This court has repeatedly held that, where there is competent evidence, though conflicting, to sustain the verdict of the jury, it would not disturb the verdict, but in this case it is conclusively shown that the witness Slagle, who testified to having purchased the whisky from the defendant, has been successfully impeached by reputable witnesses.

The record is full of errors committed by the court over the objection of the defendant in permitting certain questions to be propounded to defendant's witnesses, and also errors committed by the county attorney in his interrogation of the witnesses, over the objection of the defendant, but in the view we take of this record, that there is not sufficient testimony to sustain the verdict, we do not deem it necessary to set out in detail the errors committed in the trial. There being no competent evidence to sustain the verdict and sentence, the case is reversed and remanded.

DOYLE, P. J., and EDWARDS, J., concur.